No. 25-1413 / 25-1414

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE SIXTH CIRCUIT

MARY DOE; JOHN DOE A; JOHN DOE B; JOHN DOE C; JOHN DOE D; JOHN DOE E; JOHN DOE G; JOHN DOE H; and MARY ROE,
*Plaintiffs - Appellants Cross-Appellees*

v.

GRETCHEN WHITMER, Governor of the State of Michigan; JAMES GRADY, II, Colonel,
*Defendants - Appellees Cross-Appellants*

On Appeal from the United States District Court
for the Eastern District of Michigan,
Case No. 2:22-cv-10209 (The Honorable Mark A. Goldsmith)

**PLAINTIFFS-APPELLANTS CROSS APPELLEES' EMERGENCY MOTION TO FILE EXCESS WORDS IN RESPONSE TO DEFENDANTS – APPELLEES CROSS APPELLANTS' EMERGENCY MOTION FOR STAY**

Miriam Aukerman
Ewurama Appiagyei-Dankah
ACLU Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930

Bonsitu Kitaba-Gaviglio
ACLU Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6823

Allison Frankel
ACLU Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500

Paul D. Reingold
Cooperating Counsel
ACLU Fund of Michigan
Univ. of Michigan Law School
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319

On May 30, 2025, Defendants-Appellees filed an emergency motion for a stay of the district court's final judgment holding parts of Michigan's Sex Offenders Registration Act (SORA) unconstitutional.[1] Plaintiffs' response is due tomorrow, June 6, 2025. For three reasons, Plaintiffs ask to exceed the 5,200 word limit of Fed. R. App. P. 27(d)(2)(A). Plaintiffs' proposed brief is attached as Exhibit 1.

First, the legal issues are complex and involve several multi-factor tests. Stay motions require consideration of four factors: likelihood of success on the merits, irreparable injury to the movant, injury to other parties, and the public interest. *Nken v. Holder*, 556 U.S. 418, 434 (2009). In the district court—which was well-versed on the merits such that briefing on the first factor could be cursory—Plaintiffs filed a 24-page brief (R. 175). Although Judge Goldsmith had presided over the case for three years of intense litigation, he ordered oral argument on the stay motion (R. 178), and—after argument—requested supplemental briefs. Plaintiffs submitted an additional 18 pages (R. 189), for a total of 42 pages focused almost entirely on the second, third, and fourth stay factors.

On appeal, Plaintiffs must also fully brief the first factor—likelihood of success—for each of the three legal claims Defendants are appealing.[2] For Counts I

---

[1] The district court denied Defendants' stay motion. Stay Op., R. 192.

[2] Those claims are Count I, retroactive application of SORA to pre-2011 registrants; Count II, retroactive extension of registration terms to life; and Count XI, registration of people with non-Michigan convictions.

1

and II, that entails a *five*-part legal and factual test, which requires explaining expert evidence about recidivism rates, evolving technology, and the burdens of SORA 2021, all in light of the law's ineffectiveness. This is in addition to the legal analysis, which involves parsing the countless cases that have challenged registry laws since their inception 30+ years ago. And after that, Plaintiffs must address Count XI, which involves two distinct due process and equal protection rulings.

Second, the record is massive, with over 4,500 pages of evidence. The facts matter for deciding the likelihood of success since the Court must apply the relevant legal tests to this record. The Court must also understand the record to properly analyze the remaining three stay factors. Plaintiffs rely on the record both to establish the severe harms they would suffer if a stay were granted, and to rebut common (but false) assumptions about registrants and registries that are the basis of Defendants' assertions that the "balance of harms" and the public interest favor the state.

Third, the district court was "not writing on a blank slate, but rather in the wake of a long history of case law and legislative amendments." Op., R. 158, Page ID #8665. Plaintiffs must explain that procedural history, which includes three federal court cases dating back to 2012, two Michigan Supreme Court decisions, and repeated legislative amendments to SORA.[3]

---

[3] *See Does v. Snyder* (*Does I*), 101 F. Supp. 3d 672 (E.D. Mich. 2015); *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) (*Does I*); *Does #1-6 v. Snyder* (*Does II*), 449 F. Supp. 3d 719 (E.D. Mich. 2020); *Does v. Whitmer* (*Does III*), 751 F.Supp.3d 761

In short—as the district court recognized in regularly granting significantly expanded page limits[4]—this is not a typical case and a typical word count is insufficient. The stakes here are also well beyond the norm: there are tens of thousands of people in the plaintiff class, many of whom have been awaiting relief for more than ten years, under a statute that the courts have held to be unconstitutional.

Finally, under Fed. R. App. P. 27(d)(2)(C), Defendants can file a reply of 2,600 words (for a total of 7,800 words). Plaintiffs' requested extension of the word limit will still have them filing fewer words than allowed for Defendants. Accordingly, Plaintiffs seek permission to file a response brief that is 31 pages and under 7,200 words (excluding the parts of the brief exempted by Fed. R. App. P. 32(f)).

## CONCLUSION

Plaintiffs respectfully ask the Court to permit the excess words necessary to adequately brief the stay issues, and to permit an informed decision.

---

(E.D. Mich. 2024); *People v. Betts*, 968 N.W.2d 497 (Mich. 2021); *People v. Lymon*, No. 164685, 2024 WL 3573528 (Mich. July 29, 2024); 2011 Mich. Pub. Acts 17, 18; 2020 Mich. Pub. Act 295.

[4] The district court allowed about 180 pages per side for merits briefing. *See* Briefing Orders, R. 121 (110 pages for summary judgment briefing); Text Order (May 17, 2024), R. 153, R. 166 (supplemental briefs of 5 pages, 5 pages, and 25 pages); R. 161 (35 pages on motion for entry of judgment). This does not include the parties' fact statements.

Respectfully submitted,

s/ Miriam Aukerman (P63165)
s/ Ewurama Appiagyei-Dankah (P88212)
American Civil Liberties Union
  Fund of Michigan
1514 Wealthy SE, Suite 260
Grand Rapids, MI 49506
(616) 301-0930
maukerman@aclumich.org
eadankah@aclumich.org
Attorneys for Plaintiffs-Appellants/ Cross-Appellees

s/ Bonsitu Kitaba-Gaviglio (P78822)
American Civil Liberties Union
  Fund of Michigan
2966 Woodward Avenue
Detroit, MI 48201
(313) 578-6824
bkitaba@aclumich.org
Attorney for Plaintiffs-Appellants/ Cross-Appellees

s/Allison Frankel (NY 5621834)
American Civil Liberties Union
  Foundation
125 Broad Street, 18th Floor
New York, NY 10004
(212) 549-2500
afrankel@aclu.org
Attorney for Plaintiffs-Appellants/ Cross-Appellees

s/ Paul D. Reingold (P27594)
Cooperating Counsel,
American Civil Liberties Union Fund
  of Michigan
Univ. of Michigan Law School
802 Legal Research Building
801 Monroe Street
Ann Arbor, MI 48109-1215
(734) 355-0319
pdr@umich.edu
Attorney for Plaintiffs-Appellants/ Cross-Appellees

Dated: June 5, 2025

## CERTIFICATE OF COMPLIANCE

This brief complies with the type-volume limitation of Fed. R. App. P. 27(d)(2). The word counting feature of counsel's word processing programs shows that this brief contains 790 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 27(d)(1) because this brief has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

*s/ Miriam J. Aukerman*
Miriam J. Aukerman (P63165)
Attorney for Plaintiffs-
Appellants/Cross-Appellees
