# EXHIBIT D

# TRANSCRIPT OF ORAL ARGUMENT
# IN *DOES V. SNYDER (DOES I)*, NO. 15-2346/2486

# (Excerpted and Highlighted)

CASE NO. 15-2346/2486

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

JOHN DOES #1-5; MARY DOE
*Plaintiffs-Appellants/Cross-Appellees,*
-vs-
RICHARD SNYDER, Governor of the State of Michigan; COL. KRISTE ETUE, Director of the Michigan State Police, in their official capacities,
*Defendants-Appellees/Cross-Appellants.*

**On appeal from the United States District Court
for the Eastern District of Michigan**

ARGUMENT HEARD WEDNESDAY, APRIL 27, 2016
(Judges Batchelder, Donald, and Merritt)

EXCERPT STARTING AT MINUTE 28.00

**28:00-28:46. Ms. Aukerman (Plaintiffs' counsel):** I want to address your question about the relationship between vagueness and the Ex Post Facto Clause …uh, issue. If this Court rules for the Plaintiffs on ex post facto, that does not resolve the vagueness issue….

…[T]here are registrants today who are going to be faced with that same vagueness problem, right, who are convicted today, put on the registry today, who would not be affected by the ex post facto ruling but are going to face that same issue, so I believe the Court has to address that as well.

**28:46-29:22. Judge Merritt:** I'm following that you are making a distinction here, if this Court says that the Michigan, umm, statute is punitive and therefore is a ex post facto law, and it seems to me that that would take down with it the provisions of the law that are also vague.

2

**29:22-30:05. Ms. Aukerman:** What it would do is for the individuals who were previously convicted, the statute could not be applied retroactively to those individuals. It could still be applied prospectively because the State can prospectively punish….

\* \* \* \* \* \*

**30:57- 31:41. Judge Merritt:** What you are asking us to do is to decide what in the future would be void for vagueness and because if it is an ex post facto law that takes the statute down, it declares it to be now invalid, but doesn't say anything about what in the future might or might not be void for vagueness or ex post facto. I guess if a new statute is adopted then it will raise its own problems. We'll have to decide that then. That's my only question.

**31:41-32:10. Judge Batchelder:** Let me ask it in a slightly different way …. If I could. If we were to decide that the ex post facto challenge here is meritorious, that gets rid of all of these Plaintiffs who have raised that, that question. And if, if that is so, who is before us as to whom we could decide a vagueness challenge?

\* \* \* \* \* \*

**32:46- 33:18 Judge Batchelder:** What I'm worrying about is, I mean I hear you, I understand what you're saying but, for every single one of the Plaintiffs that we have in front of us, if we say this law is, runs afoul of the Ex Post Facto Clause, then any other reason that we would say this law can't be applied, whether we're looking at it facially or as applied, is really kind of dicta, is it not? Because we're getting rid of it on the basis of ex post facto.

## **DECLARATION OF ELVIRA HERNANDEZ**

In accordance with 28 U.S.C. § 1746, I, Elvira Hernandez, make the following declaration:

1. I have worked as a legal assistant for over 27 years. During that time, attorneys with whom I have worked dictated letters, documents, and time entries, and I transcribed them. I am familiar with the process of providing accurate transcriptions.

2. I was provided with an audio recording of a Sixth Circuit argument held on April 27, 2016, in *Does v Snyder*, Case No. 15-2346. This audio recording is available on the Sixth Circuit's website.

3. I began transcribing the recording at minute 28:00, and transcribed until the end of the audio recording at minute 35:01. I declare that I accurately transcribed the recording to the best of my ability. I have a copy of that transcript for anyone who wishes to see it.

4. Plaintiffs' counsel excerpted the transcript I prepared to provide the Court with the lines relevant to the present appeal. Counsel also identified which judges of the panel were speaking, as counsel were present at the argument.

5. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: June 4, 2023

_____
Elvira Hernandez
Program Associate
American Civil Liberties Union
Fund of Michigan